UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY FIRNENO and CHRISTOPHER FRANKE,

    Plaintiffs,

v.

RADNER LAW GROUP, PLLC, et al.,

    Defendants.
                             /

Case No. 2:13-cv-10135

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE R. STEVEN WHALEN

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFFS' MOTION FOR ATTORNEY FEES [175]**

Before the Court is Plaintiffs' motion for attorney fees and non-taxable expenses incurred over four years of hard-fought litigation in a Fair Credit Reporting Act (FCRA) case. Plaintiffs initiated the case on January 14, 2013 and eventually accepted offers of judgment from Defendants 800 Zero Debt, LLC and Radner Law Group, PLLC. *See* ECF 104, 162–64. The Court entered corresponding judgments, *see* ECF 168–71, and closed the case after Plaintiffs reached a separate settlement with Defendant Lasercom, LLC.[1] *See* ECF 172, 173.

All that remains to resolve is the amount of recoverable fees and expenses: Plaintiffs seek $133,573.73 of the former and $4,819.37 of the latter, ECF 175, while Defendants claim only $37,659.00 should be awarded, ECF 178. Having witnessed firsthand the history of the case and considered the parties' extensive briefing, the Court finds that a hearing is not necessary. *See* E.D. Mich. LR 7.1(f); *see also Michael A. Cramer, MAI, SRPA, Inc. v. United States*, 47 F.3d 379, 384 n.5 (10th Cir. 1995) (collecting cases).

In the case of a successful action to enforce liability for a defendant's willful statutory

---

[1] Lasercom is not party to the instant motion.

violation, the FCRA allows the plaintiff to recover "the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2). Recoverable fees are "reasonable" if they adequately attract competent counsel without producing a windfall or representing economic waste. *Lee v. Thomas & Thomas*, 109 F.3d 302, 306–07 (6th Cir. 1997).

Plaintiffs' attached invoices detail the breakdown of their work as follows:

**Attorney Fees**
Lyngklip and Associates Fees      $ 129,443.23
Bailey and Glasser Fees           $   4,130.50
Non-Taxable Expenses              $   4,819.37
**TOTAL**                         **$ 138,393.10**

The approximate breakdown of requested fees is as follows:

| Lyngklip & Associates | | | |
|---|---|---|---|
| NAME | TITLE | RATE | HOURS (~) |
| Ian Lyngklip | Senior Partner | $ 450 / hour | ~ 95 hours |
| Julie Petrik | Senior Associate | $ 350 / hour | ~ 178 hours |
| Carl Schwartz | Associate | $ 250 / hour | ~ 40 hours |
| Priya Bali | Associate | $ 200 / hour | ~ 30 hours |
| Michael Bonvolanta | Associate | $ 200 / hour | ~ 15 hours |
| Amanda Longendyke | Associate | $ 200 / hour | ~ 5 hours |
| Alanna [last name omitted] | Associate | $ 200 / hour | ~ 2 hours |
| Laura Branco | Paralegal | $ 125 / hour | ~ 3 hours |
| Emily Reagan | Paralegal | $ 100 / hour | ~ 22 hours |
| Kristen Herrmann | Paralegal | $ 100 / hour | ~ 5 hours |
| Natalka Storoshchuk | Paralegal | $ 100 / hour | ~ 1.5 hours |
| Kylie Johnson | Paralegal | $ 100 / hour | ~ 0.2 hours |

| Bailey & Glasser | | | |
|---|---|---|---|
| NAME | TITLE | RATE | HOURS (~) |
| John Barrett | Partner | $ 450 / hour | ~ 1 hour |
| Maryl Sattler | Associate | $ 310 / hour | ~ 8.7 hours |
| Ryan Donovan | Associate | $ 275 / hour | ~ 0.2 hours |
| Denise Milhoan | Paralegal | $ 195 / hour | ~ 4.3 hours |
| Michael Kessinger | Legal Assistant | $ 90 / hour | ~ 0.5 hours |

ECF 175-3, 175-4, 175-5.

First, the Court considers the prevailing market rate charged by lawyers of comparable experience in the "venue of the court of record." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). Plaintiffs contend that their fees are reasonable in light of the 2015–16 United States Consumer Law Attorney Fee Survey Report, which suggests that the average hourly rate for an attorney at a small Midwestern firm is $375.00. ECF 175-2. The survey is silent as to the prevailing market rate for consumer law attorneys in southeastern Michigan, but the amount is close to the median hourly rate for consumer law attorneys listed by the State Bar of Michigan—$335.[2] Only Mr. Lyngklip's and Mr. Barrett's hourly rates exceed both figures. Given Mr. Lyngklip's extensive experience, the Court will apply a rate of $400 per hour of his work, and $375 per hour of Mr. Barrett's work, reducing the requested amount by $4,807.00.

The Court also considers other factors when determining the "lodestar amount"—the product of a reasonable number of hours and a reasonable rate. *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). Here, the documentation offered in support of the hours

---

[2] Available at https://www.michbar.org/file/pmrc/articles/0000151.pdf.

charged is, for the most part, "of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984).

Five of the lodestar factors are particularly relevant here. Plaintiffs' attorneys expended a tremendous amount of time and labor to prosecute this case—four years' worth of docket entries, including motions to compel discovery, successful opposition to Defendants' motions to dismiss, partially successful opposition to a motion to strike or dismiss an amended complaint, and complex Court-ordered supplemental briefing. *See, e.g.*, ECF 41, 80, 81, 90, 102. They addressed difficult questions that arose, including a novel standing issue that emerged in the wake of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). And they approached each juncture with the skill and strategy necessary to obtain an indisputably positive result for their clients, which is "the most critical factor in determining the reasonableness of a fee award." *Isabel*, 404 F.3d at 416 (quotations omitted); ECF 168–71. Indeed, the experience, reputation, and abilities of Plaintiffs' attorneys—particularly Mr. Lyngklip and Ms. Petrik—are among the highest in the area. *Isabel*, 404 F.3d at 415; *see* ECF 175-6, 175-7, 175-8, 175-9, 175-10.

Defendants challenge several aspects of the fee request. First, they argue that fees related to Defendant Lasercom ($17,295.00) and Nationwide Marketing Services, Inc.[3] ($6,093.00) should be excluded as improperly billed because Lasercom and Nationwide are not party to the instant motion. ECF 178, PgID 1871. The objection is well-taken. It

---

[3] A defendant in a companion case.

would be improper for the Court to award fees against Defendants for litigation related to the separate companion case against Nationwide, or the concurrent case against Lasercom. In particular, Plaintiffs reached a separate settlement agreement with Lasercom. The instant motion seeks fees for prevailing against Defendants Zero Debt and Radner only. Defendant's argument is rejected, however, insofar as they seek to exclude fees they inaccurately categorized by misreading Plaintiffs' notices or improperly describing the procedural posture. *See, e.g.*, ECF 77, 180-2. Accordingly, the Court will omit from the award $8,675.00 of Plaintiffs' fees associated with Lasercom and Nationwide.

Second, Defendants take aim at fees related to class action claims that never materialized ($20,795.00) and "other unsuccessful or aborted litigation" ($9,940.00). ECF 178, PgID 1871–72. The argument is well-taken as to the contemplated class claims. It is proper to disallow time spent on class issues when no class recovery was realized. *Munger v. First Nat'l Collection Bureau, Inc.*, No. 15-11276, 2016 WL 3964813, at *3 (E.D. Mich. July 25, 2016). In *Munger*, as here, the fact that the class was never more than proposed—much less certified and established as a "prevailing class" entitled to recovery—undercut the plaintiff's request to collect fees related to the contemplated representation of that class. *Id.* at *4. Plaintiffs' attorneys secured a positive result for their clients — not others. Accordingly, the Court will exclude $5,640.00 in fees that are clearly related to the class claims.

Next, Defendants argue that as a matter of law, $16,657.00 in fees related to "clerical work" should be excluded as unrecoverable. ECF 178, PgID 1872. In response, Plaintiffs contend that they have already reduced their bill to account for clerical items, and the billed items that remain cannot be "purely clerical" for a small law firm like Plaintiffs' attorneys'.

5

ECF 180, PgID 1912. "While reviewing correspondence can constitute legal work, receiving and filing correspondence presumably constitutes clerical work." *B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 666 (6th Cir. 2008). Because Plaintiffs' attorneys operate a small firm does not mean that every single clerical task is converted into one that requires legal knowledge to be compensated in the event of a positive result. Accordingly, the Court will reduce Plaintiffs' award to the extent they have not already eliminated fees requested for receiving and filing correspondence and documents: $4,238.00.

Fourth, Defendants contend that fees totaling $83,961.00 should be excluded as duplicative, related to overstaffing, excessive, or vague. ECF 178, PgID 1872–73. But the weight of Defendants' argument rests almost entirely on form objections. Plaintiffs have already reduced their bill by nearly 30% to account for several kinds of entries. And it is perfectly reasonable for several employees to share the workload at a smaller firm like Plaintiffs' attorneys'. Having reviewed the items remaining after applying the above exclusions, the Court is not left with the impression that Plaintiffs' billings were improper or excessive. Accordingly, Defendants' argument in this regard is rejected.

Finally, Defendants argue that $10,905.00 in fees should be excluded because the related records are not contemporaneous, and thus "impossible to reconstruct" post hoc, ECF 178, PgID 1873–74 (quoting *In re Newman*, 270 B.R. 845, 848 (Bankr. S.D. Ohio 2001)), and $37,085.00 in fees should be excluded as impermissibly vague "block billing." ECF 178, PgID 1874–75. The Sixth Circuit has cited district courts that "have reduced attorney fees on the basis of insufficient billing descriptions where the attorney did not maintain contemporaneous records of his time or the nature of his work and where billing

records 'lumped' together time entries under one total so that it was 'impossible to determine the amount of time spent on each task,'" while also upholding a fee award "where entries made by counsel were sufficient even if the description for each entry was not explicitly detailed and where the attorney provided the court with computerized calendars and file information indicating the dates and times of work performed." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). Generally, block-billing can be sufficient "so long as the description of the work performed is adequate." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014).

Here, Plaintiffs claim that the entries flagged as "not contemporaneous" are supported by "the actual emails which were sent and received," *e.g.* ECF 180-4, and the Court's "docket entries and emails which represent tangible documentation supporting the time," *e.g.* ECF 180-6 (citing ECF 175-4, PgID 1783). ECF 180, PgID 1914. Plaintiffs attempt to substantiate each of these claims with a single example. That effort is insufficient. By failing to at least attempt to provide specifics for each of the remaining non-contemporaneous entries, Plaintiffs have not discharged their "burden of providing for the court's perusal a particularized billing record." *Imwalle*, 515 F.3d at 553.

Many of the Defendants' cited instances of so-called block-billing, however, are inapposite, and sufficiently detailed. *See, e.g.*, ECF 178-1, PgID 1879 ("Research and draft response to defendants' motion for a protective order."), 1892 ("Prepare notice of acceptance of Radner offer, and proposed judgment; file over ECF system."), 1901 ("Review draft brief by Sattler on Spokeo, research FCRA and Spokeo cases, conference with attorney Lyngklip to discuss strategy."). The instance flagged by the Defendants as the "most egregious example," however, will be excluded as insufficiently detailed: the "711

email items" for which a discounted award is requested are merely tacked on at the tail end of the notice, and unaccompanied by "file information indicating the dates and times of work performed." *See Imwalle*, 515 F.3d at 553. Thus, for the reasons above, the Court will exclude $9,275.00 from the total fee award due to insufficiently detailed instances of block billing and non-contemporaneous fee entries.

Although Plaintiffs' attorneys did not successfully prosecute their class claims, they succeeded in nearly all other respects by successfully defending several dispositive motions and eventually securing significant offers of judgment. Having considered the abovementioned factors, the documentation offered by the Plaintiffs' attorneys, and Defendants' arguments, the Court finds that Plaintiffs' attorneys have successfully prosecuted their clients' case, and deserve the majority of the fees they request. The Court will award Plaintiffs their fees and expenses incurred, less $32,635.00 associated with the analysis of the reductions stated above.

The award shall be apportioned against Defendants jointly and severally.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' Motion for Attorney Fees [175] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs shall recover $100,938.73 in attorney fees and $4,819.37 in nontaxable costs from Defendants 800 Zero Debt, LLC and Radner Law Group, PLLC on a joint and several basis.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 25, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 25, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager